IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FLOYD ALAN SMITH, JR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-1187-RGA |
| CORRINE BRANCH, et al., | : |
| Defendants. | : |

Floyd Alan Smith, Morris Community Correctional Center, Dover, Delaware.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 18, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

    Plaintiff Floyd Alan Smith, Jr., a former inmate at the Sussex Correctional Institution, now housed at the Morris Community Correctional Center in Dover, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 4). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## BACKGROUND

    Plaintiff alleges that while housed at SCI was forced to participate in the Key Program under its new director Corrine Branch and supervisor Lisa Daniels. (D.I. 2 at 5). He alleges both Defendants mentally and verbally abused him and threatened to kick him out of the program. (*Id.*). In addition, Plaintiff alleges that he was been forced to perform a service for SCI with no compensation. (*Id.*). He also alleges that it was not until June 2019 that he was told he was required to have documents signed or he would not get credit for attending the program. (*Id.* at 6). He also alleges that on June 18, 2019, he met with Branch in the recovery room, and she told Plaintiff that he was "spreading negativity in the community" and he would not be tested for the next phase of the program. (*Id.* at 9). Finally, Plaintiff complains that his treatment needs are being ignored. (*Id.* at 6-7, 9-11). Plaintiff seeks injunctive relief and any other relief deemed reasonable for verbal and mental abuse.

    Plaintiff availed himself of the prison grievance system, but indicates in the Complaint that, at the time he commenced the action, the grievance process was not

1

complete because Branch had not tried to resolve any complaints and ignored Plaintiff's multiple requests and Daniels had ignored all the counselor requests to resolve grievances. (*Id.* at 8).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous simply because it fails to state a claim. "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 2020 WL 1982194, at *4 (3d Cir. Apr. 27, 2020).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when

2

ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S.10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## DISCUSSION

Under the Prison Litigation Reform Act of 1996, a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides, "No action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007). The limitations period for filing a § 1983 action is tolled during the period that a prisoner spends exhausting his administrative remedies. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 480 (3d Cir. 2019).

There is no futility exception to § 1997e's exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 75-76 (3d Cir. 2000). An inmate must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *see also Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) ("there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court").

If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). In addition, an inmate's failure to exhaust will be excused "under certain limited circumstances," *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002); *see also Ross v Blake*, 136 S.Ct. 1850, 1859-60 (2016) (An administrative procedure is not "available" when "it operates as a simple dead end;" when it is "so opaque that it becomes . . . incapable of use;" and when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation."). "[A]dministrative remedies are not 'available' under the PLRA where a prison official inhibits an inmate from resorting to them through serious threats of retaliation and bodily harm." *Rinaldi v. United States*, 904 F.3d 257, 267 (3d Cir. 2018).

While exhaustion is an affirmative defense, the Court may *sua sponte* dismiss an action pursuant to § 1915A when the failure to exhaust defense is obvious from the face of the complaint. *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019). Plaintiff admits that the grievance process was not complete when he filed his Complaint, but seems to blame Defendants for his failure to exhaust his administrative remedies. I note, however, that Plaintiff filed the Complaint a mere two days after the date of his last complaint, making it impossible for him to exhaust his administrative remedies prior to filing his Complaint. The last date complained of in the Complaint is June 18, 2019 (*see*

5

D.I. 2 at 9), and Plaintiff wrote and signed the Complaint on June 20, 2019. Given Plaintiff's admission in the Complaint that the grievance process was not complete when Plaintiff filed this action, dismissal for failure to exhaust is warranted. The Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's request for counsel (D.I. 12); and (2) dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to exhaust administrative remedies.

An appropriate Order will be entered.